UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALTON HOOKS                                    CRIMINA; ACTION

VERSUS                                         NO: 04-192

UNITED STATES OF AMERICA                       SECTION: J(4)

### ORDER AND REASONS

Before the Court is the **Motion for Extension of Time Presuming to the Fed. R. Crim. Procedure 45(a) to File 2255 Motion (Rec. Doc. 33).**

On December 14, 2005, Plaintiff was sentenced to 120 months in prison. He had previously pled guilty (without a plea agreement) to the charge of felon in possession of a firearm.

In this motion, pro se plaintiff Alton Hooks has requested a ninety day extension within which to file his §2255 habeas corpus motion. At the sentencing hearing, Plaintiff claims his attorney said his "legal documents," including the indictment, police reports, transcripts, motions, etc., were misplaced due to Hurricane Katrina. Plaintiff contends that his attorney claimed he would mail the documents to Plaintiff as soon as he re-organized. Plaintiff asserts that both he and his unit counselor called and mailed letters to Plaintiff's attorney about obtaining the documents but never were able to contact him.

Plaintiff claims he cannot submit a meritorious habeas corpus motion without these records. Plaintiff contends that in

ninety days he hopes to have all the "necessary legal documents that it would take to file a non-frivolous motion."

On §2255 motions for post-conviction relief, there is a one year period of limitation that begins to run on the latest of:

1) the date on which the judgment of conviction became final;

2) the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4) the date on which the facts supporting the claim or claims presented could have been discovered by the exercise of due diligence.

This one year limitation is not jurisdictional and is, thus, subject to equitable tolling. United States v. Wynn, 292 F.3d 226 (5th Cir. 2002).

The undersigned signed the Judgment and Conviction on December 15, 2005. Thus, Plaintiff should have filed his petition or requested an extension by December 15, 2006. Instead, he filed a request for an extension on January 31, 2007.

2

Rule 45(b) of the Federal Rules of Criminal Procedure states:

> Extending Time.
>
> (1) In General. When an act must or may be done within a specified period, *the court on its own may extend the time, or for good cause may do so on a party's motion made*:
>
> (A) *before the originally prescribed or previously extended time expires*; or
>
> (B) *after the time expires if the party failed to act because of excusable neglect*.
>
> (2) Exception. The court may not extend the time to take any action under Rule 35, except as stated in that rule.

Rule 35 deals with correcting or reducing a sentence in the event of an arithmetical, technical, or other clear error or in the event of a reduction of a sentence for substantial assistance. It is not clear from Plaintiff's motion whether his habeas motion would seek to reduce or correct or sentence, but likely rule 35 is not applicable. Therefore, because Plaintiff has requested this extension outside of the time limit, *he must show that he failed to act because of excusable neglect*. It is not clear to the Court why Plaintiff waited until after the time had expired to request this extension. He could have filed this same motion within the delays allowed by law. Plaintiff claims that in ninety days he hopes to have all the "necessary legal documents that it would take to file a non-frivolous motion";

however, Plaintiff does not explain why he thinks an additional ninety days will matter.  Thus, this Court concludes that his request should be denied. Accordingly,

**IT IS ORDERED** that the **Motion for Extension of Time Presuming to the Fed. R. Crim. Procedure 45(a) to File 2255 Motion (Rec. Doc. 33)** should be and hereby is **DENIED**.

New Orleans, Louisiana this 7th day of March, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE